OFFICE OF CONSUMERS' COUNSEL, STATE OF OHIO, Petitioner,

v.

FEDERAL ENERGY REGULATORY COMMISSION, Respondent, Public Service Commission of the State of New York, Public Service Commission of West Virginia, Process Gas Consumers Group, Columbia Gas Distribution Companies, UGI Corporation, Dayton Power and Light Company, Columbia Gas Transmission Corporation, Pennsylvania Gas and Water Company, Consumer Advocate for the Commonwealth of Pennsylvania, Washington Gas Light Company, Interstate Natural Gas Association of America, Cities of Charlottesville and Richmond, Virginia, Consumer Advocate Division of the Public Service Commission of West Virginia, Cincinnati Gas & Electric Company, et al., Baltimore Gas and Electric Company, Public Utilities Commission of Ohio, Texas Eastern Transmission Corporation, Transwestern Pipeline Company, Exxon Corporation, Maryland Office of People's Counsel, Intervenors.

Nos. 84–1099, 84–1100, 84–1135, 84–1142, 84–1143, 84–1146, 84–1179 and 84–1444.

United States Court of Appeals, District of Columbia Circuit.

Aug. 25, 1987.

Frederick Moring, Jennifer N. Waters and David H. Solomon, Washington, D.C., were on the renewed motion of Associated Gas Distributors to enforce the mandate.

Margaret Ann Samuels, Columbus, Ohio, was on the response of the Office of the Consumers' Counsel, State of Ohio.

John H. Pickering, Timothy N. Black, Gary D. Wilson, Washington, D.C., Stephen J. Small, Ronald N. Carroll and Giles D.H. Snyder, Charleston, W. Va., were on the opposition of Columbia Gas Transmission Corp.

Jerome M. Feit, Sol., and Joel M. Cockrell, F.E.R.C., Washington, D.C., were on the opposition of the F.E.R.C.

Before WALD, Chief Judge, MIKVA and EDWARDS, Circuit Judges.

Opinion for the Court Per Curiam.

PER CURIAM:

On February 4, 1986, this court issued its decision in *Office of Consumers' Counsel, State of Ohio v. FERC*, 783 F.2d 206 (D.C. Cir.1986). In that case we affirmed in part and reversed and remanded in part a decision of the Federal Energy Regulatory Commission ("FERC" or "Commission") on whether certain purchasing and cutback practices of the Columbia Gas Trans-

mission Corporation (Columbia) were abusive under section 601(c)(2) of the Natural Gas Policy Act of 1978 (NGPA), 15 U.S.C. § 3431(c)(2) (1982), or imprudent under section 5 of the Natural Gas Act (NGA), 15 U.S.C. § 717d (1982). Specifically, we held that one portion of the Commission's test of "abuse" under NGPA section 601(c)(2) was contrary to the plain meaning of the statute, and remanded this issue for further consideration by the Commission. We affirmed the Commission's finding that certain of Columbia's practices concerning marketability and take-or-pay contract clauses were imprudent under NGA section 5, but we found that the Commission had failed in its duty to impose a remedy for these violations and therefore remanded for consideration and imposition of appropriate remedies. We also reversed the Commission's findings that certain of Columbia's other practices were not imprudent.

Our mandate in this case was issued on June 25, 1986. On May 6, 1987, we granted a motion by Associated Gas Distributors (AGD), a petitioner in the original case, ordering FERC to comply with the mandate no later than June 1, 1987. On May 27, 1987, the Commission issued its *Order on Remand, Denying Motions and Establishing Hearing Procedures. Columbia Gas Transmission Corp.*, 39 F.E.R.C. ¶ 61,219 (1987) [hereinafter *Order on Remand*]. Now before us is a renewed motion of AGD for an order directing FERC to comply with this court's mandate. For the reasons discussed below, we agree with AGD that the Commission's order of May 27 does not constitute compliance with our mandate. We therefore grant the motion.

■ The issue here is the prospective nature of remedies which the Commission may impose under section 5 of the NGA. That section reads in relevant part:

Whenever the Commission ... shall find that any ... practice, or contract affecting [a rate charged by a natural gas

company for sale of gas subject to Commission jurisdiction] ... is unjust, unreasonable, unduly discriminatory, or preferential, the Commission shall determine the just and reasonable ... practice, or contract to be *thereafter* observed and in force, and shall fix the same by order. ...

15 U.S.C. § 717d(a) (emphasis added). The effect of the word "thereafter," the Commission argues correctly, is that section 5 remedies can have prospective effect only. *See Atlantic Ref. Co. v. Public Serv. Comm'n*, 360 U.S. 378, 389, 79 S.Ct. 1246, 1254, 3 L.Ed.2d 1312 (1959); *Tennessee Gas Pipeline Co. v. FPC*, 606 F.2d 1373, 1380 (D.C.Cir.1979). In other words, the Commission has no power under section 5 to make reparation orders. *FPC v. Hope Natural Gas Co.*, 320 U.S. 591, 618, 64 S.Ct. 281, 295, 88 L.Ed. 333 (1944).

While the Commission is correct that section 5 remedies can be prospective only, it errs in its interpretation of prospectivity. The Commission maintains that, before it can comply with this court's mandate to determine what remedies to impose for Columbia's section 5 violations, it must first hold a hearing to determine whether those violations continue at the present time. If Columbia's present practices are no longer imprudent and thus violative of section 5, then the Commission will impose no remedies. *Order on Remand*, 39 F.E.R.C. at 61,777–78 *& passim.* This is FERC's position even in regard to those provisions, such as Columbia's high take-or-pay contract clauses, which the Commission determined in January 1984 to be in violation of section 5.[1]

■ AGD and the Office of the Consumers' Counsel of the State of Ohio (OCC) argue, on the other hand, that the prospective nature of section 5 relief means simply that the Commission has no power to order reparation for illegal rates or practices that existed prior to the date of the Commis-

---

1. AGD limits the argument in its motion to the issue of FERC's compliance with the court's mandate that the Commission impose a remedy for Columbia's take-or-pay clauses. While we therefore address only this issue, our discussion of the nature of prospectivity for purposes of section 5 remedies should also guide the Commission in its consideration of the other outstanding issues.

sion's finding of illegality. In this case, the Commission determined on January 16, 1984, that the take-or-pay clauses in Columbia's contracts were illegal. *Columbia Gas Transmission Corp.*, 26 F.E.R.C. ¶ 61,034, at 61,119–20 (1984) (*Opinion No. 204*). AGD and OCC argue that a remedy imposed as of the date of that opinion is a prospective remedy within the meaning of section 5. Renewed Motion of Associated Gas Distributors at 8–9; Response of the Office of the Consumers' Counsel, State of Ohio, to Renewed Motion of Associated Gas Distributors at 3–6.

We agree with this interpretation of the statutory language. This court made clear in *Tennessee Valley Mun. Gas Ass'n v. FPC*, 470 F.2d 46 (D.C.Cir.1972), that when the Commission has committed legal error in a section 5 case the proper remedy is one that puts the parties in the position they would have been in had the error not been made. In *Tennessee Valley* the Commission had erroneously dismissed a section 5 case; some months later it reinstated the proceeding and determined the correct rate. This court held that the Commission was required to impose that rate with a measure of retroactivity in order to place the petitioner "in the same position that it would have occupied had the error not been made." 470 F.2d at 452. Such "retroactive" relief, the court held,

> does not conflict with the anti-reparations language in the statute. That language was designed to protect established expectations under legally established rate schedules. It forbids belated determinations that rates charged in the past were excessive.

*Id.* (footnote omitted). While the court agreed that "[g]as purchasers ... have no protection from excessive charges collected during the pendency of a § 5 proceeding," *id.* (quoting *Atlantic Ref. Co.*, 360 U.S. at 389, 79 S.Ct. at 1254), it held that "there is no reason to extend that principle to say that gas purchasers have no protection against a legal error by the Commission which wrongfully and unfairly prolongs that pendency." *Id.* at 452–53. *See also United Gas Improvement Co. v. Callery Properties, Inc.*, 382 U.S. 223, 229, 86 S.Ct. 360, 364, 15 L.Ed.2d 284 (1965) (Commission "can undo what is wrongfully done by virtue of its order").

■ In the present case, the Commission found in January 1984 that Columbia's take-or-pay clauses violated section 5; its legal error was in failing to remedy that violation. *See Office of Consumers' Counsel*, 783 F.2d at 233–36. Imposing the proper remedy "retroactively" to January 16, 1984, would merely put Columbia's customers "in the same position that [they] would have occupied had the error not been made."

Both FERC and Columbia cite *Electrical Dist. No. 1 v. FERC*, 774 F.2d 490 (D.C.Cir. 1985), to support their position. That case, which arose under the analogous section 206 of the Federal Power Act, 16 U.S.C. § 824e (1982), is inapposite, for it involves no issue of legal error by the Commission. Rather, the issue was simply whether rates fixed under section 206 were "fixed" when the Commission ordered the utility to file certain rates, or only when that filing was made and accepted. In finding the latter interpretation to be correct, the court held that FERC had no power to make the new rates retroactive to the time of its order. *Electrical Dist. No. 1* thus turned purely on what it meant to "fix rates;" it has no relevance to the present case.[2]

---

**2.** Citing dictum in a case recently decided by this court, Columbia also argues that the "Commission has no power under § 5 to set aside or modify clauses in producer contracts relating to nonjurisdictional gas." *Associated Gas Distribs. v. FERC*, 824 F.2d 981, 1027 n. 30 (D.C.Cir.1987). Significantly, FERC—in contrast to Columbia—makes no such argument. Indeed, Columbia never advanced this contention in the original arguments before this panel, and FERC did not rely on it in its *Order on Remand.* In any event,

our enforcement of our mandate in this case is a construction of our own opinion of February 4, 1986. The initial panel opinion clearly assumed, without question or objection from any party, that in imposing remedies under section 5 FERC had the power to modify Columbia's illegal take-or-pay provisions. The cited footnote in *Associated Gas* is clearly dictum, and it in no way affects the law of this case. We are not bound by "stray observations" of another panel, in a later opinion, on "matters only pe-

true

██ Several other arguments made by FERC and Columbia can be disposed of briefly. FERC argues that the petition for enforcement of the mandate should be dismissed because AGD failed to exhaust its administrative remedies. According to the Commission, AGD could not turn to this court until it had sought and been denied a rehearing of the Commission's May 27 order. Answer of Respondent Federal Energy Regulatory Commission in Opposition to Renewed Motion of Associated Gas Distributors at 4–7 [hereinafter Answer of FERC]. This argument is clearly mistaken. A federal appellate court has the authority, through the process of mandamus, to correct any misconception of its mandate by a lower court or administrative agency subject to its authority. *E.g., City of Cleveland v. FPC,* 561 F.2d 344, 346 (D.C. Cir.1977). A party always has recourse to the court to seek enforcement of its mandate.

██ Second, Columbia contends that we need not consider the petition because in 1985 it entered into a settlement with AGD, OCC and other parties concerning certain issues related to this case, and because it has begun to negotiate contract reformation agreements with its suppliers. Opposition of Columbia Gas Transmission Corporation to the Renewed Motion of Associated Gas Distributors at 9–11. The issue before us, however, is whether the Commission is following our mandate; whatever agreements Columbia may have entered into are irrelevant to the issue of whether the Commission is adhering to our order to it.

Finally, the Commission maintains that its decision to remand to an Administrative Law Judge for hearings on "the present posture of the Section 5 violation and the appropriate remedy" constitutes a proper exercise of its discretion on how to carry out this court's mandate. Answer of FERC at 10–11. We agree that a remand for further hearings is not necessarily inappropriate, although in view of the time that has elapsed since this court's mandate was issued any such hearings should be conducted expeditiously. But the Commission's order that the Administrative Law Judge determine whether Columbia is *still* in violation of section 5, that he determine a remedy only if continuing violation is found, and that this remedy be imposed only as of such a new determination, is contrary to our mandate. It is already settled that the disputed take-or-pay clauses of Columbia's contracts are a violation of section 5, and FERC has been directed to *"determine* and *order"* a remedy. *Office of Consumers' Counsel,* 783 F.2d at 236. The sole issue before the Commission is, therefore, the nature of the remedy, which is to be imposed as of the date of the Commission's *Opinion No. 204, i.e.,* January 16, 1984.

For the reasons stated above, we find that the Commission's order of May 27, 1987, does not constitute compliance with our mandate. We therefore grant AGD's motion and order that FERC determine and order an appropriate remedy.

*So Ordered.*

ripherally before [it]," *id.,* at 1044 (Mikva, J., concurring in the judgment in part and dissent- ing in part).